## THE PEOPLE *v.* TEXIDOR.

### APPEAL from the District Court of Guayama.

#### No. 351.—Decided June 12, 1911.

DEFAMATORY LIBEL—ALLEGATION OF ACTS TENDING TO EXPOSE COMPLAINANT TO PUBLIC HATRED, CONTEMPT, OR RIDICULE.—Upon examination of the complaint in this case, which was objected to by the appellant on the ground that it did not contain a separate allegation of the acts tending to expose the complainant to public hatred, contempt, or ridicule, the Supreme Court held that the complaint was sufficient and did not contain such error.

ID.—BILL OF EXCEPTIONS—REFERENCE TO COMPLAINANT IN LIBELLOUS PUBLICATION.—No bill of exceptions having been incorporated in the transcript of the record filed in this case, and the fact that the libellous publication referred to the complainant having been established by the evidence of the prosecution, the trial court committed no error in not allowing eight or nine witnesses for the defendant to testify that they did not know to whom the document referred, and that the same did not refer to any person in particular.

ID.—LIBEL—ITENTION OF LIBELLER—NATURAL CONSEQUENCES OF HIS ACT.—In this case the defendant could perhaps have proved that the libellous sheet referred to a person different from the complainant, but even though he had intended to refer to some one else, if the libellous publication tends to injure the complainant, it is presumed that the defendant had the intention of publishing the libellous sheet and accepted all the probable and natural consequences of such act.

The facts are stated in the opinion.

*Mr. Jacinto Texidor* for appellant.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from the District Court of Guayama. The complaint is alleged to be defective and error is charged in the exclusion of evidence. The offense charged is criminal libel, and the defect in the complaint is supposed to be that it failed to charge separately certain libellous facts tending to expose the complainant to public hatred, contempt, or ridicule. The *fiscal* urges that such a separation is unnecessary in a publication libellous *per se.* It would appear that neither counsel for the appellant nor the *fiscal* read the complaint carefully. Each cites from it as follows:

"That on the 4th of October, 1910, in the city of Guayama, of

the judicial district of Guayama, the said Luis Texidor Ortiz wilfully and maliciously and with intent to defame my honesty, integrity, and good name, and to expose me to public hatred and contempt, published and caused to be published a pamphlet with his signature appearing at the foot thereof, some of its contents being in my opinion libellous and reading as follows: 'This honorable citizen, who has evaded the law and, thanks to political conditions, is mixing in the society of decent people, but who, notwithstanding, has not succeeded in effacing the degrading stigma cast upon him by the fraudulent names which his malice made to appear in pay rolls presented by him, these being punishable offenses with which he was charged by a high functionary in pursuance of his duties, and which apparently were true, although no civil or criminal action has been taken against him, cannot in any way insult anybody without thereby being himself insulted. I never offered my services for sale to any political party; in political affairs I always acted with dignity and self-respect, always spending money, depriving myself of the necessaries for the sake of political allegiance to the party to which I gave my services without exacting any remuneration therefor, unlike that despicable individual who tried to get such a thing, on three occasions, from the Republican party; on the first occasion for the sake of a job as purveyor and on the second and third for one thousand dollars paid in advance, with manifest discredit.' And the said Luis Texidor Ortiz, on the date already mentioned, after the pamphlet to which this complaint refers was printed, caused it to be published, distributing or causing some copies thereof to be distributed and which were read by persons in this city.''

But the complaint goes on to say:

''And as I consider that said pamphlet refers to me and that its sole purpose is to expose me to public ridicule and to defame my honesty, integrity and good faith known to all in the community, and as it contains matters libellous *per se,* and this constitutes a punishable offense, I denounce the fact to you so that justice may be done in the premises. Witnesses: Jorge Alonso, Aniceto Texidor, Enrique Mestre, Enrique Amy, Lcdo. Celestino Domínguez Rubio, Genaro Cautiño. F. Navarro Ortiz, prosecuting witness. Sworn to and subscribed before me, to-day the 30th day of November, 1910.''

Perhaps this is a slightly informal way of saying that the facts tended to bring him into public ridicule; but we think

it sufficient especially in the absence of any motion to strike out.

The other error is the refusal of the court to allow eight or nine witnesses to state that they could not tell to whom the document referred and that it referred to no one in particular. There is no statement of facts in the record, and the bill of exceptions relates solely to the exclusion by the court of evidence tending to show the lack of knowledge of certain witnesses selected from a wide public as to whom the publication related. It was certainly competent for the Government to show at the trial that the words used pointed unmistakably to the complaining witness, and the presumption is that such evidence was given. The defendant, perhaps, might have shown that the libel referred to some one else, but even if it had been intended for some one else and tended to injure the complaining witness, the defendant could have been held to intend the natural and probable consequences of his acts, as in the case of *Scott* v. *Shepherd,* 2 W. Bl., 892, where a lighted squib was thrown by a defendant, who was sued in damages for putting out the eye of a person at whom he had not thrown the squib. The words must have been intended for some one, and as it must be presumed that there was evidence tending to show that Francisco Navarro Ortiz was the person libelled the negative evidence of nine or a multitude of witnesses could not have changed the facts tending to identify said Navarro Ortiz as the person libelled. The article had all the earmarks of being directed against a particular person, and the witnesses of the Government presumptively made it clear that the complaining witness was meant. The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro, and Aldrey concurred.